UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL McCUNE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE MUNIRS COMPANY dba IHOP #1716; JOE A. and ESTHER L. KOOPMAN FAMILY PARTNERSHIP, a CALIFORNIA LIMITED PARTNERSHIP,<br><br>　　　　Defendants. | No. 2:12-cv-02733-GEB-EFB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS TO STRIKE AFFIRMATIVE DEFENSES** |

Plaintiff moves under Federal Rule of Civil Procedure ("Rule") 12(f) for an order striking twenty-six affirmative defenses of Defendant Munirs Company dba IHOP #1716 ("IHOP") and twenty-four affirmative defenses of Defendant Joe A. and Esther L. Koopman Family Partnership ("KFP").[1] Each motion is opposed.

## I.　LEGAL STANDARD

Rule 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing

---

[1] Plaintiff originally moved to strike each of KFP's twenty-five affirmative defenses. However, Plaintiff withdrew his motion to strike KPP's twenty-fourth affirmative defense in his reply brief. (Pl.'s Reply in Supp. Mot. to Strike KFP's Affirm. Defenses ("KFP Reply") 9:21-22, ECF No. 17.)

1

with those issues prior to trial . . . ." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).

An affirmative defense may constitute "an insufficient defense" under Rule 12(f) either as a matter of law or as a matter of pleading. Kohler v. Islands Rests., LP, 280 F.R.D. 560, 564 (S.D. Cal. 2012). An affirmative defense is insufficient as a matter of law if it clearly fails "under any set of facts the defendant might allege." McArdle v. AT&T Mobility LLC, 657 F. Supp. 2d 1140, 1150 (N.D. Cal. 2009), rev'd on other grounds, 474 F. App'x 515 (9th Cir. 2012); accord Dodson v. Strategic Rests. Acquisition Co. II, LLC, 289 F.R.D. 595, 603 (E.D. Cal. 2013). Whereas, "[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." Wyshak v. City Nat'l Bank, 607 F. 824, 827 (9th Cir. 1979).

"Fair notice general requires that the defendant state the nature and grounds for the affirmative defense." Kohler v. Staples The Office Superstore, LLC, --- F.R.D. ----, 2013 WL 544058, at *2 (S.D. Cal. 2013). Fair notice "does not . . . require a detailed statement of facts[,]" id., however, "'[b]are bones conclusory allegations'" are insufficient. Burton v. Nationstar Mortg., LLC, No. CV F 13-0307 LJO GSA, 2013 WL 4736838, at *4 (E.D. Cal. Sept. 3, 2013) (quoting Heller Fin., Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1295 (7th Cir. 1989)). "An affirmative defense which 'simply states a legal conclusion or theory . . . is insufficient to provide fair notice." Id.; see also Qarbon.com Inc. v. Ehelp Corp., 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004) (Mere "reference to a

doctrine, like reference to statutory provision, is insufficient notice").

## II. DISCUSSION

### A. IHOP's Affirmative Defenses

Plaintiff moves to strike each of IHOP's twenty-six affirmative defenses "under Wyshak[,]" arguing "IHOP has not alleged sufficient facts to put [Plaintiff] on notice of the nature of its defenses." (Pl.'s Mot. to Strike IHOP's Affirm. Defenses ("IHOP Mot.") 2:3-11, ECF No. 9.) Plaintiff further argues that certain affirmative defenses "are legally insufficient under any set of facts and should therefore be stricken with prejudice[.]" (Id. at 3:5-7.)

IHOP "agrees to withdraw [its] second, third, fifth, seventh, eighth, ninth, twelfth, fifteenth, seventeenth, twentieth, twenty-second[,] and twenty-sixth affirmative defenses." (IHOP's Opp'n 1:10-12, ECF No. 14.) Further, IHOP "requests leave to amend its twenty-fourth affirmative defense." (Id. at 10:22.) That request is granted.

In light of IHOP's withdrawal of multiple affirmative defenses and the leave granted to amend IHOP's twenty-fourth affirmative defense, the portion of Plaintiff's motion challenging those affirmative defenses is denied as moot. Therefore, only IHOP's first, fourth, sixth, tenth, eleventh, thirteenth, fourteenth, sixteenth, eighteenth, nineteenth, twenty-first, twenty-third, and twenty-fifth affirmative defenses are at issue. Defendant "contends that [these] affirmative defenses are factually and/or legally sufficient." (Id. at 1:12-13.)

3

IHOP's fourth, sixth, tenth, eleventh, thirteenth, fourteenth, eighteenth twenty-first, and twenty-third affirmative defenses "merely [allege] legal conclusions or theories lacking reference or facts to explain their application to [Plaintiff's] claims." Burton, 2013 WL 473638, at *4. For example, IHOP's sixth affirmative defense alleges "Plaintiff's claims . . . are barred because Plaintiff failed . . . to properly mitigate his damages." (IHOP's Answer ¶ 57, ECF No. 7.) However, IHOP's Answer "gives no notice to [Plaintiff] of the basis of his alleged failure to mitigate." Kohler, 2013 WL 544058, at *4. Similarly, IHOP's twenty-third affirmative defense alleges "Plaintiff's Complaint, and each purported claim for relief alleged therein, is barred because Plaintiff comes to the Court with unclean hands[,]" (IHOP's Answer ¶ 74), but IHOP alleges no grounds to support this affirmative defense. Therefore, IHOP's fourth, sixth, tenth, eleventh, thirteenth, fourteenth, eighteenth twenty-first, and twenty-third affirmative defenses are stricken for failing to provide Plaintiff fair notice of the "nature and grounds" of the affirmative defenses alleged. Kohler, 2013 WL 544058, at *2.

Further, IHOP's first, nineteenth, and twenty-fifth affirmative defenses are stricken since they do not constitute affirmative defenses. IHOP alleges in its first affirmative defense that "[t]he Complaint as a whole, and each purported claim for relief alleged therein, fails to state facts sufficient to constitute a claim for relief against [IHOP]." (IHOP's Answer ¶ 52.) The "[f]ailure to state a claim is not a proper affirmative defense but, rather, asserts a defect in [Plaintiff's] prima facie case." J & J Sports Prods., Inc. v.

4

Mendoza-Govan, No. C 10-05123 WHA, 2011 WL 1544886, at *5 (N.D. Cal. Apr. 25, 2011). Similarly, the nineteenth (Plaintiff's standing) and twenty-fifth (lack of control over the subject property) affirmative defenses "address elements of [P]laintiff's prima facie case," and are therefore "properly addressed through denial or an appropriate motion[,]" not as affirmative defenses. Dodson v. Munirs Co., No. CIV S-13-0399 LKK/DAD, 2013 WL 3146818, at *8 (E.D. Cal. June 18, 2013) (citing Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002)); accord Vogel v. Huntington Oaks Del. Partners, LLC, --- F.R.D. ---, 2013 WL 3337803, at *4 (C.D. Cal. 2013).

The only affirmative defense which is adequately pled is IHOP's sixteenth affirmative defense (statute of limitations). Since "[P]laintiff [does not] allege in his [C]omplaint the date(s) on which the alleged violations occurred, [IHOP] cannot be expected to articulate the statutes of limitations that may bar [P]laintiff's claims." Dodson, 2013 WL 3146818, at *8. Therefore, Plaintiff's motion to strike IHOP's sixteenth affirmative defense is denied.

For the stated reasons, IHOP's first, fourth, sixth, tenth, eleventh, thirteenth, fourteenth, eighteenth, nineteenth, twenty-first, twenty-third, and twenty-fifth affirmative defenses are stricken. IHOP is given fourteen (14) days from the date this order is filed to file an amended answer addressing any stricken affirmative defense. See Wyshak, 607 F.2d at 827 ("In the absence of prejudice to the opposing party, leave to amend [any stricken affirmative defense] should be freely given.)[2]

---

[2] In each of his motions, Plaintiff requests that should the court grant

**B.   KFP's Affirmative Defenses**

Plaintiff moves to strike twenty-four of KFP's affirmative defenses "under Wyshak[,]" arguing "KFP has not alleged sufficient facts to put [Plaintiff] on notice of the nature of its defenses." (Pl.'s Mot. to Strike KFP's Affirm. Defenses ("KFP Mot.") 2:3-11, ECF No. 11-1; KFP Reply 9:21-22.) Plaintiff further argues that certain affirmative defenses "are legally insufficient under any set of facts and should therefore be stricken with prejudice[.]" (KFP Mot. 3:3-5.)

KFP "agrees [its twenty-third] affirmative defense may be stricken . . . ." (KFP's Opp'n 9:12-13, ECF No. 13.) Accordingly, the portion of Plaintiff's motion challenging this affirmative defense is denied as moot. However, KFP contends that its remaining affirmative defenses are sufficiently pled. (Id. at 5:7.)

KFP's third, fourth, sixth, seventh, eighth, ninth, tenth, eleventh, thirteenth, fourteenth, fifteenth, sixteenth, nineteenth, twentieth, twenty-first, and twenty-second affirmative defenses fail to provide Plaintiff with fair notice of the nature and grounds of the affirmative defenses alleged. Therefore, they are stricken.

Further, KFP's second (fault of others), seventeenth (contributory negligence), and eighteenth (assumption of risk) affirmative defenses are stricken as "impertinent" since they are affirmative defenses to tort claims, and Plaintiff has not

---

Defendants leave to amend the insufficiently alleged affirmative defenses, that "this court . . . require [Defendants] to re-plead under the heightened Twombly standard." (IHOP Mot. 2:26-3:2; KFP Mot. 2:24-27.) However, this request has not been shown ripe for decision. Therefore, no opinion is expressed on this issue.

1  alleged a tort claim. Fed. R. Civ. P. 12(f). See <u>Fantasy, Inc. v.
2  Fogerty</u>, 984 F.2d 1524, (9th Cir. 1993) ("'Impertinent' matter
3  consists of statements that do not pertain, and are not
4  necessary, to the issues in question."), <u>rev'd on other grounds</u>,
5  510 U.S. 517, 534-35 (1994); <u>see also</u> <u>Vogel</u>, 2013 WL 3337803, at
6  *4 (striking comparative negligence, assumption of risk, and
7  third-party responsibility affirmative defenses as "impertinent"
8  in an ADA accessibility action).

9       Also, KFP's first (failure to state a claim), fifth
10 (lack of control over the subject property), and twenty-fifth
11 (further affirmative defenses) affirmative defenses are stricken
12 since they do not constitute affirmative defenses. <u>See</u> <u>Mendoza-
13 Govan</u>, 2011 WL 1544886, at *5; <u>EEOC v. Timeless Inves., Inc.</u>, 734
14 F. Supp. 2d 1035, 1055 (E.D. Cal. 2010) ("A reservation of
15 affirmative defenses is not an affirmative defense.").

16      However, KFP's twelfth affirmative defense (statute of
17 limitations) is pled with sufficient particularity. KFP's twelfth
18 affirmative defense contains similar allegations to IHOP's
19 sixteenth (statute of limitations) affirmative defense and is
20 adequately pled for the same reasons stated above in denying
21 Plaintiff's motion to strike IHOP's sixteenth affirmative
22 defense. (<u>Compare</u> FKP's Answer 7:1-5, ECF No. 8, <u>with</u> IHOP's
23 Answer ¶ 67.) Therefore, Plaintiff's motion to strike KFP's
24 twelfth affirmative defense is denied.

25      KFP is given fourteen (14) days from the date this
26 order is filed to file an amended answer addressing any stricken
27 affirmative defense.

28

**C. CONCLUSION**

For the stated reasons, Plaintiff's Motions to Strike IHOP and KFP's affirmative defenses are granted in part and denied in part. Each Defendant has fourteen (14) days from the date this order is filed to file an amended answer addressing any stricken affirmative defense.

Dated:   September 27, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge